KENNETH B. WILSON (SBN 130009)
kwilson@carrferrell.com
CHRISTOPHER P. GREWE (SBN 245938)
cgrewe@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile: (650) 812-3444

Attorneys for Plaintiff
MOBILE STORAGE TECHNOLOGY, INC.

CHARLES S. BARQUIST (CA SBN 133785)
CBarquist@mofo.com
HECTOR G. GALLEGOS (CA SBN 175137)
HGallegos@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Defendants
FUJITSU LIMITED, FUJITSU COMPUTER
PRODUCTS OF AMERICA, INC. and
FUJITSU AMERICA, INC.

*[additional counsel on signature page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOBILE STORAGE TECHNOLOGY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FUJITSU LTD., a Japanese corporation, FUJITSU COMPUTER PRODUCTS OF AMERICA, INC., a California corporation, and FUJITSU AMERICA, INC., a California corporation,<br><br>Defendants. | CASE NO. C09-03342 JF (PVT)<br><br>[xxxxxxxxxxxxxxxx]<br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

-1-
Stipulated Protective Order
(Case No. C09-03342 JF (PVT))

1    Plaintiff Mobile Storage Technology, Inc. ("MST") and defendants Fujitsu Computer
2 Products of America, Inc. and Fujitsu America, Inc. (collectively referred to as "Fujitsu") hereby
3 stipulate and agree to the request for, and entry of, the following Protective Order:
4    1.    All documents, materials, items, and/or information that contain or comprise
5 confidential research, development, or commercial information produced or submitted during the
6 course of this action either by a party or by a nonparty to a party shall be governed by this
7 Protective Order (the "Confidential Material"). All information copied or extracted therefrom, as
8 well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or
9 presentations by parties or counsel to or in court or in other settings that might reveal Confidential
10 Material shall also be governed by this Protective Order.
11   2.    Any information or materials produced by any party or nonparty as part of discovery
12 in this action may be designated by such party or nonparty as (1) "Confidential" or (2) "Highly
13 Confidential – Attorneys' Eyes Only" under the terms of this Protective Order.
14   3.    As a general guideline, information or materials designated as "Confidential" shall
15 be information (regardless of how generated) or tangible things that qualify for protection under
16 standards developed under Fed.R.Civ.P. 26(c). Absent a specific order by this Court, once
17 designated as "Confidential," such designated information shall be used by the parties solely in
18 connection with this litigation, and not for any business, competitive, or governmental purpose or
19 function, and such information shall not be disclosed to anyone except as provided herein.
20   4.    As a further general guideline, information or materials designated as "Highly
21 Confidential – Attorneys' Eyes Only" shall be extremely sensitive "Confidential Material" whose
22 disclosure to another party or nonparty would create a substantial risk of injury that could not be
23 avoided by less restrictive means. Absent a specific order by this Court, once designated as
24 "Highly Confidential – Attorneys' Eyes Only," such designated information shall be used by the
25 parties solely in connection with this litigation, and not for any business, competitive, or
26 governmental purpose or function, and such information shall not be disclosed to anyone except as
27 provided herein.
28

5.   Each party or nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. The designation of information or material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

(a)   in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, to at least the first page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder;

(b)   in the case of information produced in some form other than documentary, and for any other tangible items: by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate; and if only portions of the information or item warrant protection, the party or nonparty seeking protection, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only;" and

(c)   in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all parties within twenty (20) days after the mailing (via overnight mail) to counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this

Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  The parties shall treat all deposition and other pretrial and trial testimony as "Highly Confidential – Attorneys' Eyes Only" hereunder until the expiration of twenty (20) days after the mailing (via electronic or overnight mail) to counsel of the transcript of the deposition.  Unless so designated, any confidentiality is waived after the expiration of the 20-day period unless otherwise stipulated or ordered.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.

If any document or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be marked with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

6. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) the officers, directors, and employees of the parties whose assistance is needed by counsel for the purposes of this litigation;

(c) consultants as defined in Paragraph 8 herein and pursuant to the provisions of Paragraph 9 herein;

(d) the Court, pursuant to Paragraph 12 herein;

(e) court reporters employed in connection with this action;

      (f)    graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 10 herein;

      (g)    non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 10 herein;

      (h)    the author of the document or the original source of the information; and

      (i)    any other person only upon order of the Court or upon written consent of the party producing the confidential information or material.

7. Information or material designated as "Highly Confidential – Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

      (a)    parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

      (b)    consultants as defined in Paragraph 8 herein and pursuant to the provisions of Paragraph 9 herein and subject to and conditioned upon compliance with Paragraph 10 herein;

      (c)    the Court, pursuant to Paragraph 12 herein;

      (d)    court reporters employed in connection with this action;

      (e)    graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 10 herein;

      (f)    non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 10 herein; and

      (g)    any other person only upon order of the Court or upon written consent of the party producing the confidential information or material.

8. For purposes of Paragraphs 6(c) and 7(b) herein, a consultant shall be defined as a person who is _neither_ an employee of a party, nor anticipated to become an employee in the near

future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

9. The procedure for having a consultant approved for access to information or materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be as follows:

(a) The party seeking to have a consultant, as defined in Paragraph 8 herein, approved shall make a written request, sent via hand delivery, facsimile, or electronic mail, that (i) sets forth the full name of the consultant and the city and state of his primary residence, (ii) attaches a copy of the consultant's current resume, (iii) identifies the consultant's current employer(s), and (iv) identifies (by name and number of the case, filing date, and location of the court) any litigation in connection with which, during the preceding four years, the consultant has testified at trial, at a hearing or by depositions, or in which the consultant has provided a written report.

(b) A party that makes a request and provides the information specified in the preceding paragraph may disclose the subject confidential material to the identified consultant unless, within seven (7) court days of delivering the request, the party receives a written objection to the request, setting forth in detail the grounds on which it is based.

(c) If any other party so objects, the parties shall confer and attempt to resolve the dispute. If the parties cannot resolve the dispute, or if the conference does not take place, then the party seeking to make the disclosure may move the Court as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and content of the meet and confer discussions) and sets forth the reasons advanced by the objecting party for its refusal to approve the disclosure.

1         In any such proceeding, the party opposing the disclosure to the consultant shall bear
2 the burden of proving that the risk of harm that the disclosure would entail (under the safeguards
3 proposed) outweighs the seeking party's need to disclose the confidential material to its consultant.

4     10.    All persons listed in Paragraphs 6(b), 6(c), 6(f) and 6(g) above may be given access
5 to information or material designated as "Confidential," provided that they first confirm their
6 understanding and agreement to abide by the terms of this Protective Order by completing and
7 signing a copy of an undertaking in the form attached hereto as Exhibit A.  Similarly, all persons
8 listed in Paragraphs 7(b), 7(e), 7(f) and 7(g) above may be given access to information or material
9 designated as "Highly Confidential – Attorneys' Eyes Only" provided that they first confirm their
10 understanding and agreement to abide by the terms of this Protective Order by completing and
11 signing a copy of an undertaking in the form attached hereto as Exhibit A.

12    11.    Any person may be examined as a witness at trial or during a deposition concerning
13 any information or material designated as "Confidential" or "Highly Confidential – Attorneys'
14 Eyes Only" which that person had lawfully possessed, received or authored prior to and apart from
15 this action.  During examination, any such witness may be shown information or material
16 designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a party that
17 appears on its face, or from other documents or testimony, to have been received or authored by
18 that witness, or received from or communicated to that witness by that same party.

19    12.    Confidential Material shall be submitted to the Clerk of the Court in accordance with
20 Civil Local Rule 79-5, which sets forth the procedures that must be followed and reflects the
21 standards that will be applied when a party seeks permission from the court to file material under seal.
22 The parties acknowledge that this Stipulated Protective Order creates no entitlement to file
23 confidential information under seal.  The parties further acknowledge that this Protective Order does
24 not confer blanket protections on all disclosures or responses to discovery and that the protection it
25 affords extends only to the limited information or items that are entitled under the applicable legal
26 principles to treatment as confidential.

27    13.    A party may challenge any other party's designation of information or materials
28 produced herein as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by serving a

written objection upon the producing party. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. A party that elects to initiate a challenge must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the designating party. The parties shall confer in good faith as to the validity of the designation. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and if no change in its designation is offered, to explain the basis for its chosen designation.

To the extent the parties are unable to reach an agreement as to the designation, the objecting party may move the court pursuant to Local Civil Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant complied with the meet and confer requirements imposed above and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the designating party. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

14.     All counsel for the parties who have access to information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

15.     Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order shall not:

(a)     waive any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order;

(b)     waive any objection otherwise available to the disclosure or production of any information or item on any ground not addressed in this Protective Order.

16.     This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" obtained lawfully by such party independently of any proceedings in this action, or which:

(a)     was already known to such party by lawful means prior to acquisition from, or disclosure by, any other party in this action;

(b)     is or becomes publicly known through no fault or act of such party; or

(c)     is rightfully received by such party from a third party that has authority to provide such information or material and without restriction as to disclosure.

17.     If a party inadvertently produces "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, <u>unless</u> it appears from the face of the document or from other information known to the receiving party that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document that it distributed or disclosed to persons not authorized to access such information by Paragraphs 6 or 7 above, as well as any copies made by such persons. If timely corrected, an inadvertent failure to designate qualified information or items

"Confidential" or "Highly Confidential – Attorney's Eyes Only" does not, standing alone, waive the designating party's right to secure protection under this Order for such material.

18.     If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Stipulated Protective Order, that party must immediately (1) notify in writing the designating party of the unauthorized disclosures, (2) use its best efforts to retrieve all copies of the Confidential Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request that such person or persons complete and sign a copy of the undertaking in the form attached hereto as Exhibit A.

19.     The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

20.     It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto for good cause.

21.     The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.  Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof.  Counsel described in paragraphs 6(a) and 7(a) above shall be entitled to retain court papers, deposition and trial transcripts, correspondence (including email correspondence) and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only") and one copy of documents produced by the

1  opposing party designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"
2  provided that such counsel, and employees of such counsel, shall not disclose any such information
3  and material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"
4  contained in such court papers, transcripts, correspondence, attorney work product, or documents to
5  any person or entity except pursuant to a written agreement with the producing party of the
6  information or material or an order of this Court.  All materials returned to the parties or their
7  counsel by the Court likewise shall be disposed of in accordance with this paragraph.

8      22.    In the event that any information or material designated as "Confidential" or
9  "Highly Confidential – Attorneys' Eyes Only" hereunder is used in any court proceeding in this
10 action or any appeal therefrom, such information or material shall not lose its status as
11 "Confidential" or "Highly Confidential – Attorneys' Eyes Only" through such use.  Counsel for the
12 parties shall confer on such procedures as are necessary to protect the confidentiality of any
13 documents, information, and transcripts used in the course of any court proceedings, and shall
14 incorporate such procedures, as appropriate, in the pre-trial order.

15     23.    If any party (a) is subpoenaed in another action, (b) is served with a demand in
16 another action to which it is a party, or (c) is served with any other legal process by one not a party
17 to this action, seeking information or material which was produced or designated as "Confidential"
18 or "Highly Confidential – Attorneys' Eyes Only" by someone other than that party, the party shall
19 give prompt actual written notice, by hand or facsimile transmission, in no event more than five (5)
20 days after receipt of such subpoena, demand, or legal process, to those who produced or designated
21 the information or material "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and
22 shall object to its production to the extent permitted by law.  Should the person seeking access to
23 the information or material take action against the party or anyone else covered by this Protective
24 Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting
25 forth the existence of this Protective Order.  The designating party shall bear the burdens and the
26 expenses of seeking protection in that court of its confidential material, and nothing in these
27 provisions should be construed as authorizing or encouraging a party in this action to disobey a
28 lawful directive from another court.

1 **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

3 Dated: November 24, 2009     CARR & FERRELL LLP

By: /s/ Kenneth B. Wilson
KENNETH B. WILSON
CHRISTOPHER P. GREWE

Attorneys for Plaintiff
MOBILE STORAGE TECHNOLOGY, INC.

9 Dated: November 24, 2009     MORRISON & FOERSTER LLP

By: /s/ Charles S. Barquist
CHARLES S. BARQUIST
HECTOR G. GALLEGOS

KARL J. KRAMER (CA SBN 136433)
KKramer@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

Attorneys for Defendants
FUJITSU LIMITED, FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.
and FUJITSU AMERICA, INC.

20 **IT IS SO ORDERED.**

*Patricia V. Trumbull* (signature)

22 Dated: November 30, 2009

THE HONORABLE PATRICIA V. TRUMBULL
United States Magistrate Judge

-12-
Stipulated Protective Order
(Case No. C09-03342 JF (PVT))

# EXHIBIT A

# CERTIFICATION TO RECEIVE CONFIDENTIAL MATERIAL

I, _____, hereby certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *Mobile Storage Technology, Inc. v. Fujitsu Ltd., et al.* (Case No. C09-03342 JF (PVT)). My address is _____.

My present occupation is _____.

I have been given a copy of that Protective Order, and I have read it. I agree to be bound by the Protective Order. I will not reveal the Confidential Material to anyone, except as allowed by the Protective Order. I will maintain all such Confidential Material – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Material – including copies, notes, or other transcriptions made therefrom – to the counsel who provided me with the Confidential Material. I hereby consent to the jurisdiction of the United States District Court of the Northern District of California for the purpose of enforcing the Protective Order.

Executed this _____ day of _____, at _____.

I declare under penalty of perjury that the foregoing is true and correct.

|   |   |   |
|---|---|---|
| 1 | | **SIGNATURE ATTESTATION** |

Pursuant to General Order No. 45(X)(B), I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request.

Dated: November 24, 2009

/s/ Kenneth B. Wilson
KENNETH B. WILSON

---

General Order No. 45(X)(B)   Signature Attestation
(Case No. C09-03342 JF (PVT))