**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MOBILE STORAGE TECHNOLOGY, INC,

            Plaintiff,

  v.

FUJITSU LTD., FUJITSU COMPUTER
PRODUCTS OF AMERICA, INC., and
FUJITSU AMERICA, INC.,

            Defendants.

_____/

Case No. C 09-03342 JF (PVT)

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT
FUJITSU COMPUTER PRODUCTS OF
AMERICA, INC.'S MOTION TO
COMPEL**

**[Docket No.  36]**

      Defendant Fujitsu Computer Products of America, Inc. moves to compel further responses to interrogatory nos. 1-4. ("defendant" or "Fujitsu").  Plaintiff Mobile Storage Technology, Inc. ("MST") opposes the motion.  Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on April 13, 2010 is vacated.  Having reviewed the papers and considered the arguments of counsel,

      IT IS HEREBY ORDERED that defendant's motion to compel further response to interrogatory no. 1 is granted.[1]

      In sum, the interrogatory seeks the factual basis for plaintiff's damages claim, including, but not limited to, the applicable royalty rate, the amount of monetary damages attributable to each of the defendants, an identification and explanation of the applicable damages theories, and the

---

     [1]     The holding of this court is limited to the facts and particular circumstances underlying the present motion.

identification of all facts to support those theories.  Instead of providing a factual basis for its damages claim and an identification of all facts to support its damages theories, plaintiff MST responds by stating that it intends to seek damages in an amount adequate to compensate for defendants' infringement of the patents-in-suit, which may include a reasonable royalty rate pursuant to the factors set forth in *Georgia- Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), enhanced damages for wilful infringement, and attorneys' fees and costs.  Plaintiff MST further states that "no actual calculation of damages is available at the present time [and] MST will supplement this response at an appropriate time and after it receives relevant information from Fujitsu."  Plaintiff MST has amended its interrogatory response to state that it will not seek lost profits as damages.

Even without an actual calculation of damages and an exact determination of the applicable royalty rate, plaintiff MST shall provide the factual basis for its damages claim, the identification of all facts to support its damages theories, and any factual information underlying the *Georgia-Pacific* factors. *See, e.g.,* Reply to Plaintiff's Opposition to Fujitsu's Motion to Compel ("Reply") at 2.  In addition, plaintiff MST shall specify whether or not it has determined an applicable royalty rate. Accordingly, defendant Fujitsu's motion to compel further response to interrogatory no. 1 is granted.

IT IS FURTHER ORDERED that defendant's motion to compel further response to interrogatory no. 2 is denied as moot.

On March 9, 2010, plaintiff MST supplemented its response to interrogatory no. 2.  Based on defendant Fujitsu's reply papers, it does not appear that it seeks any further response.  Reply at 5. ("Fujitsu respectfully requests this Court to compel MST to supplement its responses to Fujitsu's Interrogatories Nos. 1,3, and 4 with full and complete answers.").

IT IS FURTHER ORDERED that defendant's motion to compel further response to interrogatory no. 3 is granted.

In the certification of interested entities or persons, plaintiff MST disclosed that its parent company, ExcelStor Great Wall Technology Limited, "(i) ha[s] a financial interest in the subject matter in controversy or in a party to the proceeding, or  (ii) ha[s] a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of the proceeding."

United States District Court
For the Northern District of California

Plaintiff's Certification of Interested Entities or Persons. (Docket No. 2). Based on the certification, defendant Fujitsu contends that the interrogatory seeks the facts concerning the interests of other entities, including plaintiff's parent corporation, in the outcome of the action.

Plaintiff MST argues that "[o]bviously, as MST's parent company, ExcelStor Great Wall Technology has a 'financial interest . . . in a party to the proceeding.' In other words, ExcelStor Great Wall Technology can be an interested party (as stated in MST's Rule 3-16 Certification) without having a direct pecuniary interest in the outcome of the case, which is the subject matter of [Fujitsu's] Interrogatory No. 3."

Plaintiff MST shall respond whether its parent company, ExcelStor Great Wall Technology, has any direct pecuniary interest in the outcome of the above-captioned action. If so, plaintiff MST shall further state the extent of any direct pecuniary interest by the parent company in the outcome of the above-captioned action, identify any documents related to any direct pecuniary interest of the parent company in the outcome of the above-captioned action, and specify the nature of the relationship between plaintiff MST and its parent company. Accordingly, defendant Fujitsu's motion to compel further response to interrogatory no. 3 is granted.

IT IS FURTHER ORDERED that defendant Fujitsu's motion to compel further response to interrogatory no. 4 is granted in part and denied in part.

In this interrogatory, defendant Fujitsu seeks: (1) the identity of all persons and entities that have knowledge regarding any factual issue that is relevant in this case and, for each such person or entity, a description of that knowledge (part one); and (2) whether plaintiff intends to call such person or entity as a witness at any trial in this lawsuit. (part two).

Plaintiff MST complains that the interrogatory is "grotesquely overbroad and unduly burdensome." In addition, plaintiff MST states that the identities of witnesses it intends to call at trial is protected by the attorney work-product doctrine.

Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, "[a]ll discovery is subject to the limitations imposed by

1   Rule 26(b)(2)(C)."  *Id.*

2        Under Rule 26(b)(2)(C), a court must limit the frequency or extent of discovery if it

3   determines any of the following:

4        (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained
               from some other source that is more convenient, less burdensome, or less expensive;
5
6        (ii)   the party seeking discovery has had ample opportunity to obtain the information by
               discovery in the action; or

7        (iii)  the burden or expense of the proposed discovery outweighs its likely benefit,
               considering the needs of the case, the amount in controversy, the parties' resources,
8               the importance of the issues at stake in the action, and the importance of the
               discovery in resolving the issues.
9

10  Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

11       Here, the discovery sought is relevant and the benefit of the proposed discovery outweighs

12  the burden.  Plaintiff MST shall further respond to part one of interrogatory no. 4, which seeks the

13  identity of all persons and entities that have knowledge regarding any factual issue that is relevant in

14  this case and, for each such person or entity, a description of that knowledge.  However, defendant

15  Fujitsu's motion to compel further response to part two of interrogatory no. 4 is denied.[2]  Plaintiff

16  MST shall comply with the Federal Rules of Civil Procedure, Civil Local Rules and any applicable

17  standing orders in disclosing any witnesses it intends to call at trial.  Accordingly, defendant

18  Fujitsu's motion to compel further response to interrogatory no. 4 is granted in part and denied in

19  part.

20       Plaintiff MST shall supplement the above-specified interrogatory responses no later than

21  April 14, 2010.

22       IT IS SO ORDERED.

23  Dated:     March 31, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

24

25

26

27

28   [2]     In the reply, defendant Fujitsu states that it has not moved on part two of interrogatory no. 4.  Yet, the issue
was raised in plaintiff MST's opposition.  As a result, the court addresses both parts of interrogatory no. 4.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28